IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DAVID W. FRANKLIN                                          PLAINTIFF

VS.                                    CIVIL ACTION NO. 4:09CV68TSL-LRA

LA-Z-BOY INC.                                              DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant La-Z-Boy, Inc. to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. Plaintiff David W. Franklin opposes the motion, and the court, having considered the record and the parties' memoranda, concludes that the motion is not well taken and should be denied.

In September 2007, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against La-Z-Boy, his former employer, alleging that La-Z-Boy had discriminated against him on account of his race (African American) by paying him less than less qualified white employees and by terminating him while retaining less qualified white employees. On February 20, 2009, the EEOC issued its determination and notice of right to sue, and on May 20, 2009, within 90 days of receipt of the notice of right to sue, plaintiff filed the present action against La-Z-Boy. However, plaintiff failed to serve defendant within 120 days, as required by Rule

1

4(m) of the Federal Rules of Civil Procedure,[1] and on November 30, 2009, he moved ex parte for a one-week extension of time in which to serve process on defendant, explaining that his attorney's office file on the case had been lost and only recently discovered by his attorney's new legal assistant. The magistrate judge entered an order on November 2, 2009 granting plaintiff's motion, and one day later, on November 3, 2009, plaintiff served process on La-Z-Boy.

La-Z-Boy has moved for dismissal based on plaintiff's failure to serve process within the 120-day service period established by Rule 4(m), ultimately taking the position that plaintiff lacked good cause in seeking or securing an extension of time to serve process.[2] For his part, plaintiff maintains that dismissal is not

---

[1] Federal Rule of Civil Procedure 4(m) states:
(m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

[2] When it originally filed its motion to dismiss, La-Z-Boy inexplicably failed to acknowledge that the court had granted an extension of time for service and that service had been accomplished within the time allowed by the court. In its rebuttal, La-Z-Boy argues that the extension was not warranted, as plaintiff had not demonstrated good cause for failing to timely effect service in accordance with Rule 4(m).

2

warranted as he effected service within the time allowed by the magistrate judge's November 2, 2009 order.

Under Rule 4(m), which governs the timeliness of service of process,

> a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. Id. Moreover, even if good cause is lacking, the court has discretionary power to extend time for service. Id. Such relief may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) advisory committee's note (1993).
>
> Newby v. Enron Corp., No. 06-20658, 2008 WL 2605118, at *2 (5th Cir. July 2, 2008).

Havard v. F.M. Logistics, Inc., 252 F.R.D. 317, 318 (S.D. Miss. 2008).[3] It follows then, as the court has recently observed under similar circumstances:

> [R]egardless of whether plaintiff had good cause for his failure to serve process within the original 120 days allowed under Rule 4(m) or during any of the first three extensions granted by the court, Rule 4(m), the court had the discretion under Rule 4(m) to grant plaintiff additional time to effect service. This discretion

---

[3] The magistrate judge's order made no finding of "good cause," and no such finding was required to support her decision to allow the requested extension. The undersigned expresses no opinion as to whether the circumstances set forth in plaintiff's motion for an extension of time to effect service would constitute "good cause" within the contemplation of Rule 4(m).

3

> could properly have been exercised in favor of allowing the extensions.[4]

Id. Based on the foregoing, the court finds that defendant's motion to dismiss should be denied.

It is therefore ordered that defendant's motion to dismiss pursuant to Rule 12(b)(5) is denied.

SO ORDERED this 5th day of January, 2010.


/s/ Tom S. Lee_____
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff filed suit 88 days after issuance of the notice of right to sue. Thus, were the court to dismiss his case for failure to effect service, the dismissal would effectively be with prejudice. See Berry v. Cigna/RSI-Cigna, 975 F.2d 1188, 1191 (5th Cir. 1992) ("If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period.")(citing Price v. Digital Equip. Corp., 846 F.2d 1026, 1027 (5th Cir. 1988) (finding that where plaintiff's Title VII suit had been dismissed without prejudice, ninety-day limitations period had not been tolled by timely filing of first Title VII suit; thus the second Title VII suit on the same complaint was time-barred)).

4